UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **CYNERGY SYSTEMS, INC.,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 09-1079 (GK) |
| **BRIGHT SCHOOL, INC.,** and **JOSEPH PUTHUR,** | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Plaintiff Cynergy Systems, Inc. brings this action pursuant to 28 U.S.C. § 1332 against Defendants Bright School, Inc. (BSI) and Joseph Puthur. This matter is before the Court on Defendants' Motion to Dismiss for Improper Venue or, In the Alternative, to Transfer [Dkt. No. #5].

**I. Background**

Plaintiff is a Virginia corporation, with its principal place of business in the District of Columbia, that develops and supplies computer software. Compl. ¶ 1. Defendant BSI is a San Francisco-based California corporation "formed for the purpose of providing software products in the educational arena." Def.'s Mot. 3-4. Defendant Puthur is the founder, president, and principal of BSI and currently resides in the State of Florida. Puthur Decl. ¶¶ 1, 3, 6. Plaintiff alleges that Puthur is the sole owner of BSI, and that BSI is now insolvent and not actively engaged in business. Pl.'s Opp'n 2.

The Complaint alleges that Cynergy entered into a contract in January of 2008 with BSI to provide computer software design and development services. Compl. ¶ 7. Cynergy claims BSI breached its contract, alleging a failure to pay Cynergy an amount owed of $524,000 for services rendered. Id. ¶¶ 1-20. Puthur, allegedly acting on his own behalf and on behalf of BSI, is accused of misrepresenting to Cynergy the level of funding secured by BSI, thereby fraudulently inducing Cynergy to enter into their contract. Id. ¶¶ 21-38. Without answering Cynergy's Complaint, Defendants moved to dismiss the action for improper venue or, in the alternative, to transfer venue to the Northern District of California.

**II. Analysis**

As an initial matter, dismissal for improper venue under Fed. R. Civ. P. 12(b)(3) would be inappropriate in this case, given the disadvantage that would be imposed on Plaintiff and the possibility of transfer. In addition, it bears emphasis that Defendants' Motion does not argue that venue in this Court is improper or make a *forum non conveniens* argument, pursuant to 28 U.S.C. § 1404(a). In fact, as Defendants themselves observe in the Reply, the only argument they make in support of the Motion is that Section 16 of the contract between Cynergy and BSI, which contains a forum selection clause, requires that suit be brought in California. Def.'s Reply 2.

A plaintiff's choice of forum is entitled to deference, and the moving party carries the burden of demonstrating that a transfer is warranted. Schmidt v. American Institute of Physics, 322 F.Supp.2d 28, 33 (D.D.C. 2004); Montgomery v. STG Int'l, Inc., 532 F.Supp.2d 29, 32 (D.D.C. 2008). However, a case may be transferred to another venue "[f]or the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a). See also Piper Aircraft Co. v. Reyno, 454 U.S. 235, 253 (1981). In a diversity case such as this one, a forum selection clause does carry a presumption of enforceability. Worldwide Network Services, LLC v. DynCorp Intern., 496 F.Supp.2d 59, 62 (D.D.C. 2007).

Section 16 of the contract between Cynergy and BSI reads in part:

> The parties shall submit to the jurisdiction of, and accept that venue is proper in, the State of [sic] Federal Courts of the State of California in any legal action or proceeding.

Ex. A to Compl.

In Byrd v. Admiral Moving and Storage, Inc., 355 F.Supp.2d 234 (D.D.C. 2005), Judge Huvelle distinguished between a "non-mandatory" forum selection clause, which requires language clearly establishing exclusive jurisdiction and venue, and a permissive clause, which only provides that jurisdiction and venue will be proper in a given forum. In Byrd, the forum selection clause provided that "the parties specifically agree that venue shall lie in Broward County, Florida." As Judge Huvelle emphasized, "[j]ust

3

because the contract establishes that venue lies in Florida does not mean that it cannot also lie elsewhere, as is the case here. . . . [The clause] does not state that venue "shall ONLY lie" in Broward County, Florida." Id. at 238-39 (emphasis in original).

The Ninth Circuit's decision in Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75 (9th Cir. 1987), makes the same point. There, the court was presented with a forum selection clause that stated that "the courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract." Id. at 76. The court held that:

> Although the word 'shall' is a mandatory term, here it mandates nothing more than that the Orange County courts have jurisdiction. . . . Such consent to jurisdiction, however, does not mean that the same subject matter cannot be litigated in any other court.

Id. at 77. See also John Boutari and Son, Wines and Spirits, S.A. v. Attiki Importers and Distributors, Inc., 22 F.3d 51 (2d Cir. 1994) (finding forum selection clause, in the absence of terms conferring exclusive jurisdiction on specific courts, to be permissive); Keaty v. Freeport Indonesia, Inc., 503 F.2d 955 (5th Cir. 1974) (finding permissive a forum selection clause stating that "the parties submit to the jurisdiction of the courts of New York").

Similar to those in Byrd and Hunt Wesson Foods, Inc., the forum selection clause in this case mandates only that the parties

"shall submit" to jurisdiction and agree that venue is proper in California if suit should be brought there. Section 16 fails to include any language conferring exclusive venue in the Federal or State courts in California, and as such is more properly read as a permissive clause that does not prevent venue from lying in this Court. As such, and in the absence of any argument that venue in this Court is improper, Cynergy's choice of forum is entitled to deference.

### III. Conclusion

In light of the language used by the parties in Section 16, this Court concludes that the forum selection clause is permissive and not, as Defendants argue, mandatory. Therefore, the Defendants' Motion to Dismiss for Improper Venue or, In the Alternative, to Transfer is **denied**.

|  |  |
|---|---|
| September 22, 2009 | /s/<br>Gladys Kessler<br>United States District Judge |